**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSEPH CANNAVO,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>GENERAL SERVICES<br>　　ADMINISTRATION,<br>　　　　　Agency. | DOCKET NUMBER<br>NY-1221-14-0113-W-1<br><br><br>DATE: May 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jesse C. Rose</u>, Esquire, Astoria, New York, for the appellant.

<u>Nicole Ludwig</u>, Esquire, East Williston, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order as set forth in ¶¶ 11, 13-17 below, we AFFIRM the initial decision.

**BACKGROUND**

¶2      The appellant is a supervisory GS-14 Senior Property Manager for the agency. Initial Appeal File (IAF), Tab 1 at 1, 9. On September 17, 2012, he met with his immediate supervisor to discuss the performance ratings that he had proposed for his subordinates that year. IAF, Tab 33 at 204-05; Hearing Compact Disc, September 27, 2016 (HCD 1) at 12:10 (testimony of the appellant). The appellant's supervisor directed him to lower several of the ratings, and the appellant did so the same day. IAF, Tab 33 at 210; HCD 1 at 12:50 (testimony of the appellant). However, on November 14, 2012, the appellant again entered the agency's rating system and, unbeknownst to his supervisor, changed some of the ratings back to what he had originally proposed. IAF, Tab 5 at 55-56; HCD 1 at 24:50 (testimony of the appellant).

¶3      The following week, on November 19, 2012, the appellant's supervisor met with him about an unrelated matter.[2] She informed the appellant that an audit had

_____

[2] The administrative judge identified this meeting as taking place on November 15, 2012. IAF, Tab 55, Initial Decision at 7. We find that it is immaterial which of the two dates this meeting took place.

revealed that one of his subordinates was failing to implement proper administrative controls for his credit card activity, and she instructed the appellant to issue this subordinate a letter of reprimand. IAF, Tab 33 at 13-15, 295. The appellant protested that his supervisor was singling out this individual for discipline even though numerous other employees had engaged in the same misconduct. *Id.* at 295. The appellant's supervisor replied that the appellant was not to concern himself with those other employees. *Id.*

¶4 On November 28, 2012, the appellant's second-level supervisor discovered that the appellant had changed his subordinates' performance ratings 2 weeks earlier. He admonished the appellant verbally, warning him that the penalty for disobeying a supervisor ranges from reprimand to suspension. IAF, Tab 5 at 59. Nevertheless, on December 6, 2012, the appellant contacted the agency's human resources department to inquire into the process for changing the performance rating for yet another of his subordinates. *Id.* at 62. A human resources official notified the appellant's second-level supervisor of this contact. *Id.*

¶5 On December 13, 2012, the appellant's first-level supervisor proposed to suspend the appellant for 5 days because of the conduct surrounding the changed performance ratings. *Id.* at 43-46. The charges essentially amounted to failure to follow instructions and lack of candor. *Id.* On December 18, 2012, the appellant sought assistance from the agency's Inspector General (IG) regarding the proposed suspension and the credit card audit. IAF, Tab 51 at 40-43. On January 16, 2013, the appellant's second-level supervisor issued his decision to suspend the appellant for 5 days, beginning January 28, 2016. IAF, Tab 5 at 20-21.

¶6 The appellant then filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had retaliated against him for disclosures that he had made to his immediate supervisor and to the IG. IAF, Tab 1 at 15, Tab 33 at 9-361. When OSC closed the file without taking corrective action, the appellant filed this IRA appeal with the Board. IAF, Tab 1.

¶7      The administrative judge found that the Board has jurisdiction over the appeal and held the appellant's requested hearing. IAF, Tab 35, Tab 55, Initial Decision (ID) at 1-2. Following the hearing, she issued an initial decision denying corrective action on the merits. ID at 2, 19. She found that the appellant's November 19, 2012 disclosure to his supervisor that she was singling out the appellant's subordinate was protected. ID at 15. She also found that his disclosure to the IG regarding his proposed suspension was not protected. *Id.* She concluded that neither disclosure was a contributing factor in the 5-day suspension. ID at 15-17. She further found that the agency proved by clear and convincing evidence that it would have suspended the appellant notwithstanding his disclosure to his supervisor. ID at 17-18. The administrative judge observed that the appellant was attempting to challenge a May 28, 2013 letter of performance counseling, but determined that he had not exhausted his administrative remedies with OSC on this alleged personnel action. ID at 18.

¶8      The appellant has filed a petition for review, arguing that his 5-day suspension was in retaliation for his refusal to obey an order that would have required him to violate a directive pertaining to the agency's Performance Plan and Appraisal System, as well as the applicable collective bargaining agreement. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.[3]

**ANALYSIS**

¶9      To prove the merits of a claim of reprisal in an IRA appeal before the Board, an appellant must show by preponderant evidence that he engaged in protected activity under 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the protected activity was a contributing factor in the contested personnel action. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If the appellant proves his case, the agency will have an

---

[3] We decline to disturb the administrative judge's jurisdictional finding, which neither party has challenged on review.

opportunity to show by clear and convincing evidence that it would have taken the same personnel action even in the absence of the protected activity. *Id.*

Personnel Action

¶10    In her initial decision, the administrative judge addressed two alleged personnel actions—the 5-day suspension and the letter of performance counseling. ID at 16-18. She found that both of these were "personnel actions" under 5 U.S.C. § 2302(a)(2). ID at 3-4. The administrative judge fully adjudicated the appellant's claim as to the 5-day suspension, but she found that the appellant had failed to exhaust his administrative remedies concerning the letter of counseling. ID at 15-18.

¶11    On review, the appellant does not challenge the administrative judge's finding on the exhaustion issue. Nevertheless, we modify the initial decision to find that the letter of counseling did not constitute a personnel action or threat to take a personnel action within the meaning of 5 U.S.C. § 2302(a)(2) because it did not constitute formal discipline, there is no indication that it was placed in the appellant's personnel file, and it did not warn the appellant of any possible future disciplinary or performance actions. IAF, Tab 33 at 285-88; *see Special Counsel v. Spears*, 75 M.S.P.R. 639, 670 (1997) (declining to find that an oral counseling was a personnel action); *cf. Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶¶ 7-8 (2002) (finding a memorandum of warning that included a threat of future disciplinary action was a personnel action).

Protected Activity and Contributing Factor

¶12    In her initial decision, the administrative judge identified two alleged protected disclosures. She found that the November 19, 2012 conversation in which the appellant told his supervisor that she was unfairly singling out one of the appellant's subordinates for discipline was protected because he reasonably believed his supervisor was abusing her authority. ID at 15. The administrative judge found that the appellant's December 18, 2012 meeting with an IG official

regarding his proposed suspension was not protected. *Id.* She also found that neither disclosure was a contributing factor in the 5-day suspension. ID at 16-17. The appellant does not challenge these findings on review. Nevertheless, we modify the administrative judge's analysis as follows.

¶13 First, although we agree with the administrative judge that the appellant's November 15, 2012 disclosure was protected, we disagree that it was not a contributing factor in his 5-day suspension. The administrative judge found that the disclosure was not a contributing factor in the suspension because it was the appellant's second-level supervisor who resolved to take disciplinary action against the appellant, and he was not even aware of the November 19, 2012 disclosure. ID at 16. The appellant's first-level supervisor is the one who issued the proposal letter, and she did so within 1 month of the appellant's disclosure to her. IAF, Tab 5 at 43-46.

¶14 The most common way of proving the contributing factor element is the "knowledge/timing test." *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 21 (2016). Under that test, an appellant can prove that his disclosure was a contributing factor in a personnel action through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* Once an appellant has satisfied the knowledge/timing test, he has demonstrated that a protected disclosure was a contributing factor in a personnel action. *Id.* The facts here are sufficient to establish the contributing factor element under the knowledge/timing test of 5 U.S.C. § 1221(e)(1). Although the appellant's first-level supervisor may have issued the proposal at the direction of someone else who was unaware of the disclosure, this fact is irrelevant to the contributing factor analysis and goes instead to the agency's affirmative defense, which is discussed below. *See Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 15 (2016) (observing that an appellant may rely on an official's

constructive knowledge of a protected disclosure to prove that it was a contributing factor in a personnel action by demonstrating that an individual with actual knowledge of the disclosure influenced the official who took the action).

¶15     Second, we disagree with the administrative judge that the appellant's December 18, 2012 meeting at the IG's office was not protected. The administrative judge found that this meeting was not a protected disclosure because the appellant's primary purpose was to seek assistance in challenging the proposed suspension rather than to report any wrongdoing. ID at 15. As pertinent here, the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, § 101(b)(2)(C), 126 Stat. 1465, 1466 (codified at 5 U.S.C. § 2302(f)(1)(C)), amended the Whistleblower Protection Act by providing that an individual's "motive for making the disclosure" does not exclude it from protection. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 3 (2014).[4] Further, the WPEA expanded the Board's jurisdiction in IRA appeals to include claims of reprisal for "cooperating with or disclosing information" to an IG, activity which is protected under 5 U.S.C. § 2302(b)(9)(C). WPEA, Pub. L. No. 112-199, § 101(b)(1)(A), 126 Stat. 1465, 1465 (codified at 5 U.S.C. § 1221(a)). Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to the IG or OSC is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. We therefore find that the appellant's December 18, 2012 meeting at the IG's office was protected activity, without reaching the issue of whether any disclosures he made in the meeting were protected.

¶16     Third, we agree with the administrative judge that the appellant's December 18, 2012 meeting was not a contributing factor in his 5-day suspension, but we disagree with her reasoning. Specifically, the administrative judge found

---

[4] We have applied the WPEA to this appeal because the personnel action at issue occurred after the WPEA's effective date. IAF, Tab 5 at 21; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 51.

that the timing of the meeting precluded it from being a contributing factor in the suspension because the meeting occurred after the proposal was issued. ID at 17. A disclosure that occurs after the personnel action at issue was taken cannot be considered a contributing factor in that personnel action. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015). However, the meeting occurred before the final decision was made, and thus, the personnel action was merely contemplated and in preparation before the appellant's second-line supervisor became aware of the disclosure. *Id.*, ¶¶ 3-4, 9-11 (remanding to determine whether an appellant's performance evaluation was completed before or after the appellant's rating officials learned of his disclosure). Thus, the timing alone does not preclude this meeting from being a contributing factor in the January 16, 2013 suspension decision. IAF, Tab 5 at 20-21. Nevertheless, there is no evidence that the deciding official knew, or was influenced by anyone who knew, about the appellant's meeting with the IG. Indeed, the IG informed the appellant that his contact with that office would remain confidential. IAF, Tab 51 at 42. For that reason, we find that the appellant has not established that the deciding official had actual or constructive knowledge of the meeting. Moreover, the record does not support a finding that the appellant established contributing factor by another prescribed method. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012) (outlining that if an appellant does not prove contributing factor by way of the knowledge/timing test, other evidence should be considered, such as the strength or weakness of the agency's reasons for taking the action, whether the whistleblowing was directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant).

¶17    Fourth, we modify the initial decision to address an argument that the appellant raises on review, and which he appeared to raise below, but which the administrative judge did not address. Specifically, the appellant argues that his suspension was based on his refusal to obey his supervisor's order to lower his

subordinates' performance ratings. IAF, Tab 45 at 4; PFR File, Tab 1. He claims that this order would have required him to violate a directive regarding the agency's Performance Plan and Appraisal System, as well as the applicable collective bargaining agreement, and the agency was therefore prohibited from disciplining him for this under 5 U.S.C. § 2302(b)(9)(D). IAF, Tab 45 at 4; PFR File, Tab 1. However, at the time of the personnel action at issue, 5 U.S.C. § 2302(b)(9)(D) made it a prohibited personnel practice to take a personnel action in retaliation for refusing to obey an order that would have required the employee to violate a "law." The U.S. Court of Appeals for the Federal Circuit interpreted the term "law" in this subsection to mean "statute." *Rainey v. Merit Systems Protection Board*, 824 F.3d 1359, 1361-65 (Fed. Cir. 2016). It was not until the instant appeal already was pending that subsection (b)(9)(D) was amended to cover orders that would require an employee to violate a "law, rule, or regulation." Follow the Rules Act (FTRA), Pub. L. No. 115-40, § 2, 131 Stat. 861 (2017); *Fisher*, 2023 MSPB 11, ¶ 12. The Board has found that the amendments to subsection (b)(9)(D) should not be applied to Board appeals that already were pending prior to the enactment of the FTRA. *Fisher*, 2023 MSPB 11, ¶¶ 13-19. Because the Performance Plan and Appraisal System directive and the collective bargaining agreement are not statutes, and the appellant has not identified any statute that his supervisor's order would have required him to violate, we find that he has not established that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D).[5]

Clear and Convincing Evidence

¶18      Having found that the appellant met his burden to prove by preponderant evidence that his November 11, 2012 disclosure was a contributing factor in his 5-day suspension, we now turn to whether the agency proved by clear and convincing evidence that it would have suspended the appellant absent his

---

[5] We have reviewed the other relevant legislation enacted during the pendency of this appeal and find that none further impact the outcome.

disclosure. In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of protected activity, the Board will consider the totality of the circumstances, including the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

¶19 In this case, the administrative judge considered the *Carr* factors and found that the agency proved by clear and convincing evidence that it would have issued the 5-day suspension notwithstanding the appellant's November 19, 2018 disclosure to his supervisor. ID at 17-18. She found that the agency's evidence in support of the suspension was strong. *Id.* She reasoned that the appellant falsely reported the ratings for two of his subordinates, and surreptitiously attempted to change the rating for a third subordinate despite an instruction that he not do so. *Id.* She further determined that the appellant's supervisors did not have a strong motive to retaliate. ID at 18. She found a lack of evidence that there were any other supervisors like the appellant who engaged in the same type of misconduct. *Id.*; *see Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018) (holding that in the absence of relevant comparator evidence, *Carr* factor 3 cannot favor the Government). The appellant does not challenge these findings on review, and we find no reason to disturb them.

Other Arguments Raised on Petition for Review

¶20 The appellant argues that the administrative judge abused her discretion in denying several witnesses who would have testified to his character and credibility. PFR File, Tab 1 at 4. The administrative judge made only one credibility finding regarding the appellant. ID at 17-18. The specific finding was

that the appellant did not credibly deny that he attempted to change the performance rating of his third subordinate. *Id.* The appellant does not challenge this finding or explain how the disallowed witnesses would have disproved it. PFR File, Tab 1 at 4. Under the circumstances, we find that the administrative judge did not abuse her broad discretion to rule on witnesses. IAF, Tab 48; *see Oulianova v. Pension Benefit Guaranty Corporation*, 120 M.S.P.R. 22, ¶ 12 (2013) (observing that administrative judges have broad discretion to regulate the proceedings before them, including the discretion to exclude witnesses); 5 C.F.R. § 1201.41(b)(8) (including among an administrative judge's powers the authority to rule on witnesses). Nor has the appellant shown how he was harmed by these rulings. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶21    The appellant also argues that his second-level supervisor made several false or inconsistent statements during the hearing about why and how some of the appellant's subordinates earned the ratings that the appellant's first-level supervisor directed him to assign. PFR File, Tab 1 at 6-8. For example, the appellant argues that, contrary to his second-level supervisor's testimony, "it is not permissible to usurp the judgment of the immediate supervisor" in the rating process. *Id.* at 7. The appellant asserts that the lower ratings selected by his supervisors are suspect because his second-level supervisor "never reviewed the work of a single employee." *Id.* at 6. We find that these arguments do not provide a sufficiently sound basis to overturn the administrative judge's finding that the appellant's second-level supervisor credibly denied a retaliatory motive during his testimony. ID at 18; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶22    Accordingly, we affirm the initial decision denying corrective action, as modified.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.